# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WILLIAM PASS,**

                **Plaintiff,**

**-vs-**                                                Case No. 6:08-cv-495-Orl-28GJK

**JOEY'S AMERICAN ROAD SERVICE OF DAYTONA BEACH, INC., and JOEY MAZZA,**

                **Defendants.**
_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 28)** |
| **FILED:** | **March 20, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    On March 20, 2009, Plaintiff and Defendant filed a Joint Motion for Approval of Settlement ("Motion") requesting that the Court approve their proposed settlement agreement (the "Agreement") of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice. Doc. No. 28.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-

3, (M.D. Fla. January 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.* In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

between the plaintiff and his or her counsel, or otherwise. *Id.* Furthermore, to establish the reasonableness of the fees and costs to be paid counsel should file a sworn statement containing: 1) a true and correct copy of a time sheet detailing the work performed by counsel and other legal professionals; 2) the individual who performed each task (with an indication of whether the individual is an attorney, paralegal, legal assistant, etc.); 3) the hourly rate for each individual who performed any task; 4) the number of hours spent on each task; and 5) a precise statement of all costs and expenses incurred.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. *See* Doc. Nos. 1, 8, 11, 19, 20, 28. Each party was represented by independent counsel who were obligated to vigorously represent their clients. *Id*. The parties agreed to settle Plaintiff's claim in exchange for a release of all claims for a total sum of $8,250.00, representing $4,250.00 payable directly to Plaintiff for unpaid overtime wages and $4,000 payable directly to Plaintiff's counsel for attorneys' fees and costs. Doc. No. 28 at 3.[2] On September 17, 2008, Plaintiff filed Answers to the Court's Interrogatories claiming $8,022.22 plus liquidated damages in unpaid overtime wages. Doc. No. 11-2. In the Motion, Plaintiff states that he has agreed to compromise his claim due to Defendants' contention that he did not actually work the hours that he claims and that Defendant is not covered by the FLSA, as well as Defendant's financial ability to pay the amount sought. Doc. No. 28 at 3.

Attached to the Motion are counsel for Plaintiff's sworn affidavit regarding the precise final distribution of all settlement funds and a detailed time sheet showing all hours expended on

---

[2] Plaintiff agreed to a total settlement amount of $4,500.00, but he agreed to reimburse Defendants $250.00 for the value of his uniform which he failed to return timely. *Id.*, n. 1.

the case and the person who performed the work. Doc. Nos. 28-3. 28-4. In his affidavit, counsel for Plaintiff states:

> Plaintiff's recovery has been resolved separately and aside from the sum allocated to attorney's fees and costs. Plaintiff's recovery will be the same regardless of the attorney's fees approved. This will be the final distribution. Plaintiff's recovery **has not and will not be reduced or diminished** by the portion allocated to attorneys' fees and costs and is not the result of any contingency fee. In other words, Plaintiff's counsel is not seeking any percentage or portion of Plaintiff's recovery and attorney's fees in this mater [sic] do not diminish Plaintiff's recovery.

Doc. No. 28-3, ¶2 (emphasis in original). Lead counsel for Plaintiff, Carlos Leach, states that he expended 16.2 hours of work on the case at a rate of $250.00 per hour and two paralegals expended 13.9 hours of work on the case at a rate of $95.00 per hour. Doc. No. 28-3 at 8.[3] Based on counsel's calculations, the total attorneys' fees and costs incurred equal $5,370.50. Doc. No. 28-3 at 8.

In a similar FLSA case, the undersigned has previously determined that a reasonable hourly rate for Mr. Leach is $250.00 per hour. *See Simeone v. Specialty Roofing and Coating Company*, Case No.: 6:07-cv-890-31GJK, Doc. No. 20 (M.D. Fla. May 15, 2008). Thus, the undersigned recommends that the Court find the rate requested for Mr. Leach is reasonable. Similarly, the undersigned has previously determined in a similar FLSA case that a reasonable hourly rate for paralegals with similar experience is $95.00 per hour. *See Celaya v. Stickle*, Case No. 6:08-cv-1930-Orl-18GJK, Doc. No. 12 (M.D. Fla. April 28, 2009). Thus, the undersigned recommends that the Court find the rate requested for the paralegals in this case is reasonable.

---

[3] In his affidavit, counsel states that he has previously been awarded a reasonable hourly rate ranging from $250.00 to $300.00 in similar cases within the Middle District of Florida. Doc. No. 28-3, ¶5 (citing Case No.: 8:08-cv-00574-JSM-TGW; Case No.: 8:06-cv-01759-JSM-MAP; Case No.: 8:07-cv-552-EAK-TGW; Case No.: 8:07-cv-555-EAK-EAJ; Case No.: 8:06-cv-1758-JDW-MSS; Case No.: 5:07-cv-117WTH-GRJ; Case No: 5:07-cv-369WTH-GRJ; Case No.: 6:07-cv-1338-ORL-19DAB; Case No.: 6:07-cv-890-31GJK; Case No.: 6:07-cv-763-31DAB).

After reviewing the detailed time sheet, the undersigned also recommends that Court find the amount of time spent on the case was reasonable. Finally, the Court recommends that costs in the amount of $671.43 sought by counsel are reasonable.

The undersigned recommends that the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice is fair and reasonable.

**THEREON IT IS RECOMMENDED THAT THE COURT**:

1. Grant the Motion (Doc. No. 28) only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2. Enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on July 8, 2009.

*[Signature]*
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record